# Exhibit A

State Court of Fulton County
**E-FILED**
22EV001223
2/24/2022 3:59 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE #: _____

ANIELKA MEDRANO _____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

FC OAKS, LLC and FRANKLIN JOHNSTON

GROUP MANAGEMENT & DEVELOPMENT, LLC

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ **TBD** |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ **TBD** |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $ **TBD** |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ **TBD** |
| [ ] SPECIAL LIEN | |
| | *********** |
| [✓] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __NOAH S. ROSNER, ESQ.__

Address: __Northridge 400, Bldg. 2, 8325 Dunwoody Place__

City, State, Zip Code: __Atlanta, Georgia 30350__          Phone No.: __770-408-1223__

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV001223
2/24/2022 3:59 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANIELKA MEDRANO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action File No. |
| | ) |
| FC OAKS, LLC and FRANKLIN | )   _____ |
| JOHNSTON GROUP MANAGEMENT | ) |
| & DEVELOPMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, ANIELKA MEDRANO, by and through undersigned

counsel, and show this Honorable Court the following:

1.

Named Defendant herein is FRANKLIN JOHNSTON GROUP MANAGEMENT &

DEVELOPMENT, LLC, (hereinafter "Franklin Johnston"), a foreign limited liability company

organized and existing under the laws of the State of Virginia, doing business in the State of

Georgia. Jurisdiction and venue are proper in this Honorable Court as to this Defendant. Service

may be perfected as provided by law by serving Defendant through Registered Agent Cogency

Global, Inc., at the address of 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Fulton

County, Georgia 30076.

2.

Named Defendant herein is FC OAKS, LLC (hereinafter "FC Oaks"), a foreign limited

liability company organized and existing under the laws of the State of Virginia, doing business

in the State of Georgia. Jurisdiction and venue are proper in this Honorable Court as to this

Defendant. Service may be perfected as provided by law, by serving its agent Incorp Services,

Inc., at the address of 9040 Roswell Road, Suite 500, Atlanta, Fulton County, Georgia 30350.

3.

That all times relevant hereto, Defendant FC Oaks was the owner of the apartments known as Audubon Briarcliff Apartments, located at or near 3120 Briarcliff Road, Atlanta, Georgia 30329.   That at all times relevant hereto, Defendant Franklin Johnston was the management company responsible for managing the Audubon Briarcliff Apartments.

4.

That at all times relevant hereto, including but not limited to February 18, 2020, Plaintiff Anielka Medranoo was residing at the Audubon Briarcliff Apartments and/ or leasing apartment space at the above-named apartments, specifically Apartment 3138C, addressed at 3108 Briarcliff Road, Atlanta, Georgia 30329.

5.

At all times relevant herein, Plaintiff was the the lawful invitee and or licensee of the Defendants.

6.

At the time and place of this incident complained of, Defendants owed the Plaintiff a duty to maintain its premises in a reasonably safe condition, to correct dangerous conditions of which said Defendants either knew or should have known, by the use of reasonable care, and to warn Plaintiff of any dangerous condition concerning which Defendants had or should have had greater knowledge than Plaintiff.

7.

On or about February 18, 2020, while walking down a staircase at her building at the Audubon Briarcliff Apartments, in the common areas of the apartment complex, Plaintiff tripped

and fell over the improperly maintained staircase.  Said fall severely injured Plaintiff.  On information and belief, the staircase had deteriorated and was no longer safe to use due to Defendants' failure to make proper repairs and/or take proper precautions to ensure the safety of their residents.

## COUNT ONE

### NEGLIGENCE

8.

Plaintiff reaffirms and realleges each and every allegation contained in paragraphs 1 through 7 above as if repeated herein verbatim.

9.

At all times material hereto, Defendants had a duty of care to keep the premises above-mentioned in a reasonable safe condition, such that invitees might use them in an ordinary and reasonable way without danger.  Defendants breached their duty in the following ways, any one of which was a departure from the accepted standard of care owed by Defendants to Plaintiff:

a) In failing to ensure that the leased premises, and  its common areas, were in a habitable condition and failing to ensure that the all proper repairs were made to the staircase and other common areas accessible to Plaintiff and ones Plaintiff was forced to utilize as egress and ingress to her leased premises;

b) In failing to warn Plaintiff as to the existence of the above-mentioned defective or dangerous conditions present at the apartments;

c) In refusing to remove or rectify the dangerous conditions despite knowledge of the same;

d) In failing to take steps to prevent the above-described conditions from occurring through a properly executed inspection and maintenance procedure and Defendants are liable to

Plaintiff for the above -mentioned acts of negligence.

10.

As a direct and proximate result of the above-mentioned negligence and carelessness of Defendants, the Plaintiff was injured by the fall.  Plaintiff suffered as a direct and proximate result of the negligence of the Defendants for which said Defendants are liable for any and all damages allowable under Georgia law, including but not limited to medical expenses, emotional distress, pain and suffering, lost wages, past, present and future.

## COUNT TWO

## BAD FAITH

11.

Plaintiff reaffirms and realleges each and every allegation contained in paragraphs 1 through 10 as if repeated herein verbatim.

12.

Plaintiff seeks recovery of attorney fees and expenses of litigation for Defendants being stubbornly litigious and putting Plaintiff to unnecessary trouble and expense by forcing Plaintiff to file suit when Defendants' liability is clear.

**WHEREFORE,** Plaintiff prays as follows, to wit:

a) For a trial by jury in the within matter after completion of discovery;

b) An award of damages against Defendants for any and all damages allowable under Georgia law for the negligent acts of Defendants;

c) That Plaintiff be awarded all the relief available under O.C.G.A. § 13-6-11 for bad faith attorney's fees;

d) That Plaintiff be awarded all costs of this action, including attorney's fees, all with

interest, as provided by law; and

e) That Plaintiff have such other and further relief as this Honorable Court deems meet, fit

and proper;

This 24th day of February, 2022.

Respectfully Submitted,

_____
Noah Rosner
Attorney for Plaintiff
Ga. Bar No. 614970

ROSNER LAW GROUP, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, Georgia 30350
(770) 408-1221
noahrosner@yahoo.com

State Court of Fulton County
**E-FILED**
22EV001223
3/3/2022 11:58 AM
Christopher G. Scott, Clerk
Civil Division

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 22EV001223

Plaintiff: **Anielka Medrano**

vs.

Defendant: **FC Oaks, LLC and Franklin Johnston Group Management & Development, LLC**

For:
Noah Rosner
Rosner Law Group
Northridge  400, Building 2
8325 Dunwoody Place
Atlanta, GA 30350

Received by Ancillary Legal Corporation on the 28th day of February, 2022 at 10:15 am to be served on **FC Oaks LLC c/o Incorp Services, Inc. - Registered Agent, 9040 Roswell Road, Suite 500, Atlanta, GA 30350.**

I, Ericka McMillon, being duly sworn, depose and say that on the **1st day of March, 2022** at 2:08 pm, I:

served **FC Oaks LLC c/o Incorp Services, Inc. - Registered Agent** by delivering a true copy of the **Summons, Complaint for Damages, Plaintiff's First Interrogatories. Request For Admissions and Request For Production of Documents to Defendants** to: Incorp Services, Inc. as **Registered Agent, BY LEAVING THE SAME WITH** Marisa Evans as **Authorized to accept** at the address of: **9040 Roswell Road, Suite 500, Atlanta, GA 30350**.

**Additional Information pertaining to this Service:**
3/1/2022  2:08 pm  Perfected corporate service at 9040 Roswell Road, Suite 500, Atlanta, GA  30350.
Served to Marisa Evans, paralegal, authorized to accept. White female, age ~25 to 30, height ~5'7, weight ~140lbs, Brown hair and no glasses

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Ericka McMillon**
Process Server

Subscribed and Sworn to before me on the 2nd
day of March , 2022 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

Our Job Serial Number: ANC-2022002013
Ref: Medrano

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

State Court of Fulton County
**E-FILED**
22EV001223
3/3/2022 12:44 PM
Christopher G. Scott, Clerk
Civil Division

# Exhibit B

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Fulton                    State Court

Case Number: 22EV001223

Plaintiff: **Anielka Medrano**
vs.
Defendant: **FC Oaks, LLC and Franklin Johnston Group Management & Development, LLC**

For:
Noah Rosner
Rosner Law Group
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, GA 30350

Received by Ancillary Legal Corporation on the 28th day of February, 2022 at 10:25 am to be served on **Franklin Johnston Group Management & Development c/o Cogency Global Inc. - Registered Agent, 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.**

I, Joyce Clemmons, being duly sworn, depose and say that on the **1st day of March, 2022** at **10:42 am, I:**

served Franklin Johnston Group Management & Development c/o Cogency Global Inc. - Registered Agent by delivering a true copy of the **Summons, Complaint for Damages, Plaintiff's First Interrogatories. Request For Admissions and Request For Production of Documents to Defendants** to: **Lacey Gowens** as Authorized to accept for **Franklin Johnston Group Management & Development**, at the address of: **900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.**

**Additional Information pertaining to this Service:**
3/1/2022  10:42 am  Perfected corporate service at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076, Served, Lacey Gowens, Authorized Recipient, white, female, ~30's, ~52-5'5, ~135-160 lbs., reddish brown hair, glasses in hand.

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

Subscribed and Sworn to before me on the 3rd day of March, 2022 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

**Joyce Clemmons**
Process Server

**Ancillary Legal Corporation
2900 Chamblee Tucker Road
Building 13
Atlanta, GA 30341
(404) 459-8006**

Our Job Serial Number: ANC-2022002014
Ref: Medrano

*Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h*

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001223**
**3/30/2022 9:57 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

# Exhibit C

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| ANIELKA MEDRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| FC OAKS, LLC and FRANKLIN | ) | File No.: 22EV001223 |
| JOHNSTON GROUP MANAGEMENT | ) | |
| & DEVELOPMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT FC OAKS, LLC 'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant FC Oaks, LLC ("Defendant"), and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorneys' fees and expenses of litigation upon which relief can be granted against this Defendant.

### THIRD DEFENSE

This Defendant, through its agents and employees, exercised that degree of skill and care required of them under Georgia law.

### FOURTH DEFENSE

This Defendant breached no duty owed to Plaintiff.

**FIFTH DEFENSE**

The injuries suffered by Plaintiff and the damages alleged by Plaintiff were not proximately caused by any negligent act or omission on the part of this Defendant.

**SIXTH DEFENSE**

Plaintiff failed to exercise ordinary care for her own safety.

**SEVENTH DEFENSE**

Plaintiff, through the exercise of ordinary care, could have avoided Plaintiff's alleged damages.

**EIGHT DEFENSE**

Plaintiff had equal knowledge of any alleged hazard or danger.

**NINTH DEFENSE**

Any alleged hazard or danger was open and obvious.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

**ELEVENTH DEFENSE**

Plaintiff failed to mitigate her injuries and damages.

**TWELFTH DEFENSE**

Without waiving any of the above enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Upon information and belief, Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits that it owed those duties required by law, but denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Responding to the first two sentences of Paragraph 7 of Plaintiff's Complaint, Defendant denies the stairs were improperly maintained, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, Defendant can neither admit nor deny said allegations.  Responding further, Defendant denies the allegations contained in the third sentence of Paragraph 7 of Plaintiff's Complaint.

8.

Defendant incorporates herein its responses to Paragraphs 1 through 7 above as if fully set forth herein.

9.

Responding to the first sentence contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits that it owed those duties required by law, but denies the remaining allegations. Responding further, Defendant denies the allegations contained in the second sentence of

Paragraph 9 of Plaintiff's Complaint, and all subparagraphs in Paragraph 9.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant incorporates herein its responses to Paragraphs 1 through 10 above as if fully set forth herein.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint, and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against this Defendant in any form, fashion or amount whatsoever.

14.

Any allegations in Plaintiff's Complaint not specifically responded to above, are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant FC Oaks, LLC demands that same be dismissed with costs assessed against the Plaintiff.

This **30th** day of March, 2022.

**COPELAND, STAIR,**
**VALZ & LOVELL, LLP**


By:   _/s/ Jay M. O'Brien_____
JAY M. O'BRIEN
State Bar No.: 234606
***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE

Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT FC OAKS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via electronic filing and service to counsel of record as follows:

Noah Rosner
ROSNER LAW GROUP, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, GA  30350
noahrosner@yahoo.com
***Counsel for Plaintiff***

This **30th** day of March, 2022.

> **COPELAND, STAIR,**
>    **VALZ & LOVELL, LLP**
>
>
> By:   _/s/ Jay M. O'Brien_____
>     JAY M. O'BRIEN
>     State Bar No.: 234606
>     ***Counsel for Defendants***

State Court of Fulton County
**E-FILED**
22EV001223
3/30/2022 9:57 AM
Christopher G. Scott, Clerk
Civil Division

## Exhibit D

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIELKA MEDRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| FC OAKS, LLC and FRANKLIN | ) | File No.: 22EV001223 |
| JOHNSTON GROUP MANAGEMENT | ) | |
| & DEVELOPMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FRANKLIN JOHNSTON GROUP MANAGEMENT & DEVELOPMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Franklin Johnston Group Management & Development, LLC ("Defendant"), and responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted against this Defendant.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action for attorneys' fees and expenses of litigation upon which relief can be granted against this Defendant.

### THIRD DEFENSE

This Defendant, through its agents and employees, exercised that degree of skill and care required of them under Georgia law.

### FOURTH DEFENSE

This Defendant breached no duty owed to Plaintiff.

**FIFTH DEFENSE**

The injuries suffered by Plaintiff and the damages alleged by Plaintiff were not proximately caused by any negligent act or omission on the part of this Defendant.

**SIXTH DEFENSE**

Plaintiff failed to exercise ordinary care for her own safety.

**SEVENTH DEFENSE**

Plaintiff, through the exercise of ordinary care, could have avoided Plaintiff's alleged damages.

**EIGHT DEFENSE**

Plaintiff had equal knowledge of any alleged hazard or danger.

**NINTH DEFENSE**

Any alleged hazard or danger was open and obvious.

**TENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

**ELEVENTH DEFENSE**

Plaintiff failed to mitigate her injuries and damages.

**TWELFTH DEFENSE**

Without waiving any of the above enumerated defenses, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Upon information and belief, Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendant admits that it owed those duties required by law, but denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Responding to the first two sentences of Paragraph 7 of Plaintiff's Complaint, Defendant denies the stairs were improperly maintained, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore, Defendant can neither admit nor deny said allegations.  Responding further, Defendant denies the allegations contained in the third sentence of Paragraph 7 of Plaintiff's Complaint.

8.

Defendant incorporates herein its responses to Paragraphs 1 through 7 above as if fully set forth herein.

9.

Responding to the first sentence contained in Paragraph 9 of Plaintiff's Complaint, Defendant admits that it owed those duties required by law, but denies the remaining allegations. Responding further, Defendant denies the allegations contained in the second sentence of

Paragraph 9 of Plaintiff's Complaint, and all subparagraphs in Paragraph 9.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant incorporates herein its responses to Paragraphs 1 through 10 above as if fully set forth herein.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Responding to the last unnumbered Paragraph of Plaintiff's Complaint, and all subparagraphs contained therein, this Defendant denies that Plaintiff is entitled to any recovery against this Defendant in any form, fashion or amount whatsoever.

14.

Any allegations in Plaintiff's Complaint not specifically responded to above, are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant Franklin Johnston Group Management & Development, LLC demands that same be dismissed with costs assessed against the Plaintiff.

This **30th** day of March, 2022.

**COPELAND, STAIR,
VALZ & LOVELL, LLP**


By:  _/s/ Jay M. O'Brien_____
JAY M. O'BRIEN
State Bar No.: 234606
***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT FRANKLIN JOHNSTON GROUP MANAGEMENT & DEVELOPMENT, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties to this matter via electronic filing and service to counsel of record as follows:

Noah Rosner
Rosner Law Group, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, GA  30350
noahrosner@yahoo.com
*Counsel for Plaintiff*

This **30th** day of March, 2022.

COPELAND, STAIR,
VALZ & LOVELL, LLP

By:  */s/ Jay M. O'Brien*
JAY M. O'BRIEN
State Bar No.: 234606
*Counsel for Defendants*

State Court of Fulton County
**E-FILED**
22EV001223
3/30/2022 9:57 AM
Christopher G. Scott, Clerk
Civil Division

# Exhibit E

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ANIELKA MEDRANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action |
| FC OAKS, LLC and FRANKLIN | ) | File No.: 22EV001223 |
| JOHNSTON GROUP MANAGEMENT | ) | |
| & DEVELOPMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS JURY DEMAND

COMES NOW, Defendants in the above-styled civil action, and within the time permitted

by law, hereby demands a jury of twelve on all issues of fact.

This **30th** day of March, 2022.

**COPELAND, STAIR,**
**VALZ & LOVELL, LLP**

By:   _/s/ Jay M. O'Brien_____
JAY M. O'BRIEN
State Bar No.: 234606
***Counsel for Defendants***

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
jobrien@csvl.law

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANTS JURY DEMAND** upon all parties to this matter via electronic filing and service to counsel of record as follows:

Noah Rosner
Rosner Law Group, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, GA  30350
noahrosner@yahoo.com
***Counsel for Plaintiff***

This **<u>30th</u>** day of March, 2022.

**COPELAND, STAIR,**
**VALZ & LOVELL, LLP**

By:  */s/ Jay M. O'Brien*
JAY M. O'BRIEN
State Bar No.: 234606
***Counsel for Defendants***

# Exhibit F

State Court of Fulton County
**E-FILED**
22EV001223
2/24/2022 3:59 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANIELKA MEDRANO, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **Civil Action File No.** |
| | )   _____ |
| FC OAKS, LLC and FRANKLIN | ) |
| JOHNSTON GROUP MANAGEMENT | ) |
| & DEVELOPMENT, LLC, | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST INTERROGATORIES,
### REQUEST FOR ADMISSIONS AND REQUEST
### FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COMES NOW, Plaintiff in the above-styled action, and pursuant to O.C.G.A. § 9-ll-33, propounds these discovery requests to **FC OAKS, LLC** and **FRANKLIN JOHNSTON GROUP MANAGEMENT & DEVELOPMENT, LLC,** Defendants in the above styled action. You are hereby required to answer these discovery requests separately and fully in writing under oath and to serve a copy of your answers upon counsel within thirty-three (33) days after service hereof.

NOTE A: Defendants (or Respondents) "shall furnish such information as is available to the party." See O.C.G.A. Sec. 9-ll-33(a).

NOTE B: These discovery requests are deemed to be continuing in nature and supplemental responses shall be required as set forth in O.C.G.A. Sec. 9-ll-26(e).

### DEFINITIONS AND INSTRUCTIONS

As used in these discovery requests, the following terms shall have the indicated definitions:

1. "Defendant(s)" or "you" or "your" or such similar designation shall mean all of the above-

named Defendant(s) in this proceeding.

2. "Document" shall mean any tangible thing upon which information is or has been stored, recorded or communicated, that is in the custody, control or possession of Defendants or of which Defendants have knowledge, including, for example, but without limitation, letters, correspondence, invoices, contracts, agreements, purchase orders, memoranda, minutes stenographic and handwritten notes, bulletins, circulars, pamphlets, studies, reports, notices, diaries summaries, transcriptions, books, messages from message pads, instructions, photographs, films, drawings, pictures, records, tapes, computer floppy disks and hard disks, and other machine readable records and data, and every draft or copy of a document not identified or which draft or copy is not identical to the original, or which draft or copy contains any commentary or notation whatsoever that is not included in or on the original.

3. "Date" shall mean the exact day, month and year, if known, or, if the exact date is not known, the best available approximation.

4. "Person" shall mean a natural person or an artificial person, including any corporations, partnerships, proprietorships, associations, governmental bodies, or any other legally cognizable entities.

5. "State all facts" shall mean to state all facts discoverable under O.C.G.A. Sec. 9-11-26 known to you, and to identify all persons having knowledge of such facts, and all documents concerning or relating to such facts, and all communications concerning or relating to such facts. When used in reference to an allegation of the pleadings, "state all facts" shall include all facts negating, as well as supporting, the allegation.

6. "Identify" when used in reference to:

2

(a) <u>A natural person</u> shall mean to state the person's full name (and any other name by which he or she is known or under which he or she does business), present or last known residence address (designating which), job title or description, employment address, and business and residence telephone number(s);

(b) <u>An artificial person</u> shall mean to state its full name (and any other name by which it is known or under which it does business), its present or last known address and telephone number(s) of its principal place of business (designating which), the legal form of such entity or organization, and the identity of its chief executive officer, managing partner(s), director(s), or in the case of a governmental body, the equivalent elected or appointed official;

(c) <u>A document</u> shall mean to provide the following information, even though the document is deemed privileged or subject to claim of privilege: (l) the title or other means of identifying each document; (2) the date of each document; (3) the author of each document, including his or her name, address, telephone number, and employer; (4) each recipient of the document Or copy thereof), including his or her name, address, telephone number and employer, and the date of receipt; (5) the present location of the document (or copies thereof), if it is in the care, custody and control of Defendants; (6) the name, address and telephone number of each person who has care, custody or control of the document (or copies thereof); (7) any claim of privilege made by Defendant with respect to the document, including the factual and legal basis for the alleged privilege.

(d) <u>An oral statement, representation, or other oral communication</u> shall mean to state the nature of the communication, the substance of the communication, by whom ant to whom such communication was made, the date of the communication, all persons present at the time of the communication who witnessed or heard the communication, the place at which the communication

3

occurred, and whether it was recorded or otherwise memorialized.

(e) <u>Attachment of copies of documents in lieu of identification</u>. In lieu of identification of a document, Plaintiff may attach a legible copy of the document to Defendants' answers to these interrogatories, provided that the documents so attached are specifically marked to indicate a particular interrogatory to which each document is deemed responsive.

## **<u>REQUESTS FOR ADMISSIONS</u>**

Pursuant to O.C.G.A. Sec. 9-11-36, Defendants are requested to admit the matters set forth below, or deny the same in writing, within thirty-three (33) days from the date of service hereof.

1.

Admit that jurisdiction and venue are proper in Fulton County, Georgia as to these Defendants.

2.

Admit that in February 18, 2020, Plaintiff was an invitee and/or licensee on premises owned, managed, occupied or leased by Defendants located at, or near, 3120 Briarcliff Oaks, Atlanta, Georgia 30329.

3.

Admit that on February 18, 2020, Plaintiff tripped and fell over improperly an improperly maintained staircase in the common area of the Audubon Briarcliff Apartments, where Plaintiff was a resident at the time.

4.

Admit that Plaintiff had no notice or knowledge of the dangerous condition that caused the Plaintiff to fall and injure herself as described above in Request for Admission No. 3.

5.

Admit that all times relevant herein, Plaintiff was the lawful invitee and/or licensee of the Defendants.

6.

Admit that at the time and place of this incident complained of, Defendants owed the Plaintiff a duty to maintain its premises in a reasonably safe condition, to correct dangerous conditions of which said Defendants either knew or should have known, by the use of reasonable care, and to warn Plaintiff of any dangerous conditions concerning which Defendants had or should have had greater knowledge than Plaintiff.

7.

Admit that all times material hereto, Defendants had a duty of care to keep the premises above-mentioned in a reasonably safe condition, such that invitees and/or licensees might use them in an ordinary and reasonable way without danger.

8.

Admit that Defendants breached their duty to Plaintiff at the time of the incident mentioned in Request for Admission No. 3 above, in the following ways, any one of which was a departure from the accepted standard of care owed by Defendants to Plaintiff:

(a) In failing to ensure that the common areas of the apartment complex were in a habitable condition and failing to ensure that the all proper repairs were made to the staircase and all other common areas of the apartment complex;

(b) In failing to warn Plaintiff as to the existence of the above-mentioned defective or dangerous conditions present at the apartments;

(c) In refusing to remove or rectify the dangerous conditions despite knowledge of the same;

(d) In failing to take steps to prevent the above-described conditions from occurring through a properly executed inspection and maintenance procedure; and

(e) in failing to maintain a safe living environment.

9.

Admit that as a direct and proximate result of the above-mentioned negligence and carelessness of Defendants, Plaintiff was injured and suffered injuries, medical expenses, pain and suffering, and emotional distress.

10.

Admit that the fall and injuries suffered by Plaintiff on February 18, 2020 was a direct and proximate result of the negligence of the Defendants.

## **INTERROGATORIES**

Pursuant to O.C.G.A. § 9-11-33, Defendants are requested to answer the following interrogatories fully in writing and under oath within thirty-three (33) days from the date of service hereof.

1.

As to each of the foregoing Requests for Admissions which were not admitted, please state the full and complete reason for your failure to make the admission, specifying each and every fact you rely upon in your denial of each admission.

2.

Identify yourself fully. If you are a corporation, include in your response your full corporate name and business address(es) as well as the names and addresses of your officers and managers and

assistant managers of the premises where the Plaintiff's injuries occurred. If you claim that the wrong Defendant has been named as a party to this action, please provide the name, address and telephone number of the proper party defendant.

3.

Please describe in complete detail your present business (if you are a corporation have the person answering these interrogatories on behalf of the corporation provide this information), stating:

    a.   the name and address of your employer and your immediate supervisor; and

    b.   your job description and title; and

    c.   your duties and responsibilities; and

    d.   the date you started work with your present employer.

4.

Please describe in full detail how the incident referred to in Plaintiff's complaint in the within matter ["occurrence" or "alleged occurrence"] happened, giving all events in detail in the order in which the events occurred. Please describe all events which transpired before, during and after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

5.

At the time of the alleged occurrence, were there any safety or warning signs posted or placed where the occurrence happened. If so, please give a description of such devices/signs and indicate if they were visible and functioning properly. Were any safety devices being utilized at the time of the occurrence? If yes, please provide the dates and times when these safety devices were last inspected, and identify the person(s) responsible for monitoring the safety devices identified in response to interrogatory number 5.

6.

Please identify all persons known to you who have investigated any aspect of the occurrence, including all events preceding or subsequent thereto.

7.

Please identify and describe the appearance of each and every person who observed, or who was present in the vicinity of the occurrence, giving the names, addresses, employers and telephone numbers of each person identified, including any persons responsible for monitoring or inspecting the area where the Plaintiff fell, and/or identify any videos of said area.

8.

If you claim any other person or persons or entities contributed to the cause of the alleged occurrence, please state the name of each such person and the manner in which he/she contributed to the alleged occurrence. Include in your answer the address, phone number and employer of the persons identified.

9.

At the time of the alleged occurrence or at any time prior or subsequent thereto, had you had your business license or any other governmental license or permit revoked or suspended or had your premises ever been closed by any County, State, Federal or City health or safety departments.

10.

Please describe as fully as possible the condition of the area where the occurrence happened at the time and location of the alleged occurrence, setting forth the type of surface material, general upkeep or condition of the area, if known, and any defects in the area.

11.

Please provide the name, address and telephone numbers of all residents of the building containing the staircase where Plaintiff fell and was injured.

12.

Prior to the incident occurring, had there been any complaints by any prior renters at the Audubon Briarcliff apartment complex, in regards to the condition of these (or any other) stairs at the apartment complex, and/or any common areas around same? If so, please provide a copy of each and every complaint that Defendants received from January 1, 2017 through January 1, 2022.

13.

Please give the substance of any conversation your employees/agents had with any person(s) concerning the alleged occurrence who were involved in said occurrence (other than conversations with your attorney).

14.

Please describe fully and in complete detail each and every complaint received by you or management, regarding the common areas of premises known as Audubon Briarcliff Apartments, from January 1, 2015 through the present day.

15.

Please state the date and substance of each and every written statement or report prepared, submitted or made by you regarding the alleged occurrence, save those prepared for or by your attorneys.

16.

Identify each person you expect to call as an expert witness at trial and for each such person

state:

    a.   the subject matter to which he/she is expected to testify; and

    b.   the substance of the facts and opinion to which he/she is expected to testify; and

    c.   a summary of the grounds for each such opinion.

17.

Has the person or persons answering these interrogatories on behalf of Defendants, Defendants themselves, or any person identified in response to these interrogatories ever been convicted of, pled guilty to, or pled nolo contendere to, any crime, constituting a felony or misdemeanor involving moral turpitude. If so, state the full name of said person(s) and the court in which such guilty plea or conviction was entered.

18.

For each and every liability insurance policy covering you, your employees or your business (including any premises liability or other liability insurance), state the following:

    a.   the name and address of the insurer;

    b.   the policy number;

    c.   policy period;

    d.   type of coverage; and

    e.   the exact limits of liability afforded.

19.

What was the name and address of the persons who were working for you or acting as your agents on your premises mentioned in Plaintiff's Complaint, on the date of February 18, 2020. In your answer state if these people still work for you and if these people spoke to Plaintiff before or

10

after the occurrence. Please also state if these persons witnessed Plaintiff's fall, or the aftermath thereof, or spoke to Plaintiff after the occurrence. If so, what statements did the Plaintiff make.

20.

Please list the names, addresses and telephone numbers of any and all persons or entities employed by, or with, the Defendants, as maintenance workers, from the date of January 1, 2018 through January 1, 2022. Include in that list the names, addresses and telephone numbers of any and all independent contractors that performed any work, on any issue, at the Audubon Briarcliff apartments, from January 2018 through January, 2022.

21.

Please provide the names, addresses and telephone numbers of any all individuals and/or companies that have performed any construction work and/or construction related repairs at the Audubon Briarcliff Apartments from January 1, 2018 through January 1, 2022.

## **REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE**

Pursuant to O.C.G.A. Sec. 9-11-34 Plaintiffs request that Defendants produce for inspection and copying at Rosner Law Group, P.C., Northridge 400, Building 2, 8325 Dunwoody Place, Atlanta, Georgia 30350, the documents and things described below that are in the possession, control, or custody of the Defendants or its agents or attorneys, on the thirtieth day after service of this Request for Production of Documents and Notice to Produce or at an earlier time as agreed to by counsel and at a place where adequate facilities are available for copying.

You are hereby further notified to produce, pursuant to O.C.G.A. § 24-10-26, at any hearing upon Rule Nisi, any trial, your deposition, or any other jury or non-jury hearing or trial in the above case and from time to time and term to term until the above case is concluded the documents and records

set forth below in your possession, control, or custody, the same to be used as evidence by Plaintiff and/or Petitioner.

If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff and/or Petitioner requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is should be accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (e.g., letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim privilege. This request for production seeks inspection and copying of documents and things in the possession of Defendant and his/her attorneys and agents, including both copies and originals, unless otherwise specifically stated.

1.

Please produce a photostatic copy of each business license you possess for each year you have been in business at the location where Plaintiff was injured. Also, produce any documents showing if you have done business in the past under a trade name.

2.

Please produce a copy of each and every insurance policy which may be used to satisfy a judgment against you, should one be entered in the above referenced cause, whether said policy be primary, secondary, or excess coverage.

3.

Please produce any photographs, videos or movies of: the occurrence, the scene of the occurrence and the approaches thereto, and the scene of the occurrence subsequent to the incident.

4.

Please produce a copy of any estimate, bill or receipt which the Defendants or anyone acting on its behalf incurred in repairing the defects to the area where the Plaintiff fell at any time prior to or subsequent to the occurrence.

5.

Please produce all correspondence, memoranda, reports, and/or other documents made by any insurance company, its employees, adjustors, or anyone acting on its behalf concerning the instant action.

6.

Produce any and all witness statements of or relevant to the occasion in question; written, recorded or otherwise; taken by agents, employees, investigations, adjustors, or anyone for or on behalf of the Defendants.

7.

Produce copies of all convictions and guilty pleas identified in response to any interrogatories.

8.

Produce any and all documents used in answering Plaintiff's interrogatories to the Defendants or to support any of your affirmative defenses.

9.

Produce copies of all investigations or reports made by the Defendants or anyone acting on their behalf as a result of the Plaintiff's fall and injuries made the basis of this suit.

13

10.

Produce copies of all reports issued by an expert, whether said expert is to be used or not used at trial.

11.

Produce all medical reports or records which pertain to Plaintiff in possession of the Defendants, or their agents, insurers, attorneys, etc. Please produce all documents related to any inspections performed on the common areas of the premises known as Audubon Briarcliff Apartments from January 1, 2018 through January 1, 2022.

12.

Please produce copies of any memoranda, booklets, directives, e-mails, letters, correspondence, manuals, or other documents mentioning or concerning safety and inspection policies of the Defendants for the premises known as Audubon Briarcliff Apartments, from January 2018 through January 1, 2022, including any safety and/or inspection policies pertaining to the common areas of the Audubon Briarcliff Apartments.

13.

Produce all personnel files, annual reviews, other reviews, awards, promotion announcements, reprimands, termination notices, letters of resignation, and unemployment compensation applications/requests of any and all persons who were working for Defendants at Audubon Briarcliff Apartments, from January 1, 2018 through January 1, 2022, including all such items stored on, or in, electronic or computerized media or disks.

14.

Please produce a copy of any estimate, bill or receipt which the Defendants or anyone acting

14

on their behalf incurred in repairing or replacing any defect or defective condition related to the electrical, water, structural, plumbing and/or safety, of the common areas at Audubon Briarcliff Apartments, from January 1, 2018 through January 1, 2022.

This 24th day of February, 2022.

Respectfully Submitted,

Noah Rosner
Attorney for Plaintiff
Ga. Bar No. 614970

ROSNER LAW GROUP, P.C.
Northridge 400, Building 2
8325 Dunwoody Place
Atlanta, Georgia 30350
(770) 408-1221
noahrosner@yahoo.com

# Exhibit G

**Franklin Johnston Group Management & Development, LLC: Members**

| Name | Citizenship |
|---|---|
| Beach One, LLC | Virginia |
| Johnston Family Group, LLC | Virginia |
| Stephen Cooper | Virginia |
| Thomas C. McKee | Virginia |

Exhibit H

**FC Oaks, LLC: Members**

| Entity | Address | City | State/province | Country | Postal Code |
|---|---|---|---|---|---|
| Alfred Marshall Acuff Jr | | Midlothian | VA | US | 23113 |
| Alvin Williams | | Virginia Beach | VA | US | 23454 |
| Bessie Banks Marital Trust | | Virginia Beach | VA | US | 23462 |
| Beverly G Frieden | | Virginia Beach | VA | US | 23462 |
| Bulldog Timber Mgmt LLC | | Charlotte | NC | US | 28203 |
| Chatsworth Investments II LLC | | Charlottesville | VA | US | 22903 |
| Chatsworth Investments LLC | | Charlottesville | VA | US | 22903 |
| Chris Madden | | Virginia Beach | VA | US | 23451 |
| Christopher Daniel Garson Trust | | Richmond | VA | US | 23229 |
| David Faggert | | Virginia Beach | VA | US | 23462 |
| Davlin-Siegel Investments LLC | | Virginia Beach | VA | US | 23451 |
| Elizabeth Palmer Garson Trust | | Virginia Beach | VA | US | 23451 |
| G Dudley Ware | | Virginia Beach | VA | US | 23451 |
| George M & Agnes T Harvin | | Henderson | NC | US | 27537 |
| Ha To Van Revocable Trust | | Virginia Beach | VA | US | 23462 |
| Heather Peebles Garson Trust | | Richmond | VA | US | 23229 |
| Jagged Investments LC | | Chesapeake | VA | US | 23320 |
| James & Sandra Starkey | | Rockville | VA | US | 23146 |
| Jason Family LLC | | Norfo k | VA | US | 23514 |
| John Van | | Virginia Beach | VA | US | 23455 |
| Lan Van | | Virginia Beach | VA | US | 23462 |
| Leon Properties LLC | | Norfo k | VA | US | 23510 |
| Lindsey Ann Nusbaum 2009 Trust | | Norfo k | VA | US | 23510 |
| Marcus Van | | San Diego | CA | US | 92106 |
| Mark Bundy Revocable Trust | | Virginia Beach | VA | US | 23451 |
| Matthew R Nusbaum 2009 Trust | | Norfo k | VA | US | 23510 |
| Melton McGuire Estate | | Charlottesville | VA | US | 22903 |
| MGAW LLC | | Norfo k | VA | US | 23510 |
| Michael Van & Tran Le | | Norfo k | VA | US | 23502 |
| Paris Ventures LLC | | Virginia Beach | VA | US | 23454 |
| Paul Hirschbiel IRA | | Westlake | OH | US | 44145 |
| Paul Van | | Virginia Beach | VA | US | 23451 |
| Rahim Kanji | | Virginia Beach | VA | US | 23462 |
| REHI2 LLC | | HENDERSON, | NC | US | 27536 |
| Robey & Jean Estes | | Richmond | VA | US | 23220 |
| Ronald M Kramer | | Virginia Beach | VA | US | 23454 |
| S Neil & Stephanie Morrison | | Virginia Beach | VA | US | 23464 |
| Sara C Peebles Trust | | Virginia Beach | VA | US | 23451 |
| SLN FortCap LLC | | Norfo k | VA | US | 23510 |
| Stanley Cohen IRA | | Merrick | NY | US | 11566 |
| Trinidad Sucgang | | Duncan | SC | US | 29334 |
| William D Garson | | Richmond | VA | US | 23235 |
| William Peebles | | Richmond | VA | US | 23226 |
| FC Legacy (CP Buyout) | | Virginia Beach | VA | US | 23451 |
| ARKA Capital LLC | | Virginia Beach | VA | US | 23462 |
| Ellen Eisenberg | | Newport News | VA | US | |

# THE COTTO LAW GROUP

### ATTORNEYS AT LAW
**3675 CRESTWOOD PARKWAY, SUITE 400**
**DULUTH, GA 30096**
**ISAAC F. COTTO, ESQ.**
**OFFICE: 770-817-7581  ●  FACSIMILE: 866-261-5370**

April 20, 2021

### SENT VIA U.S CERTIFIED MAIL RETURN RECEIPT No.: 7020 1129 0000 8981 3196

Philadelphia Insurance Company
Claim No: PHAK20021351828
P. O Box 950
Bala Cynwyd, PA 19004

| | RE: | **Our Client:** | **Anielka Medrano** |
|---|---|---|---|
| | | **Date of Accident:** | **February 18, 2020** |
| | | **Your Claim No:** | **PHAK20021351828** |

Dear Sir or Madam:

Please accept this correspondence as our client's demand for settlement and compromise of this claim for damages arising from the referenced incident. While the following information should assist you in evaluating this claim and includes medical records, medical bills, and documentation showing the losses sustained by our client, this letter and the enclosed materials are submitted for the purpose of negotiation only. For this reason, nothing contained herein shall constitute an admission by our client, nor be admissible against our client at any hearing or trial.

**Clear Liability:**

Your insured is the negligent party in this action, to which they failed to exercise ordinary care, specifically by not properly inspecting and verifying the safe condition for clients that were at your property located at 3108 Briarcliff Rd NE, Atlanta, Georgia 30329 on or about February 18, 2020. Specifically, while Mrs. Anielka Medrano slipped and fell due to the poor maintenance of the stairs at your property. (See **Exhibit 1**, Pictures).

Under Georgia law, an owner or occupier of land is liable for damages to an invitee for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. **(See Exhibit 2- O.C.G.A. § 51-3-1)**. Here, your insured was under a statutory duty to keep the areas open to its customers in a safe condition. In addition, an owner/occupier must exercise the diligence toward making the premises safe that a good businessperson is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises. See, Jackson v. Waffle House,

Inc., 245 Ga. App. 371, 537 S.E.2d 188 (2000). Moreover, an owner/occupier is on constructive notice of what a reasonable inspection would reveal. Id.

Furthermore, the Georgia Supreme Court has noted that constructive knowledge of a defect, i.e., that the defendant ought to have known of the defect in the exercise of ordinary care, is sufficient to charge the defendant with liability for injuries caused by the defect. See, Keaton v. A.B.C. Drug Company, 266 Ga. 385, 467 S.E.2d 558 (1996). Here, your insured was under a statutory duty to keep its store, including racks, shelves, and other areas where merchandise was being offered for sale, in a safe condition. Your insureds agents and employees failed to adequately inspect the premises and maintain it in a safe condition, thereby failing to uphold its duty under O.C.G.A. § 51-3-1.

In short, our client was completely without fault in this incident. Mrs. Anielka Medrano was an invitee on your insured's premises, and as such, was entitled to expect that your insured had exercised ordinary care to make its premises safe. Unfortunately, this was not the case and our client have ample evidence to survive any motions for summary judgment which may be filed should this matter proceed to litigation.

**Nature of Personal Injuries:**

Immediately after the accident, Mrs. Anielka Medrano was taken by ambulance to Emory University Hospital to the emergency room with a large laceration on her left knee with surrounding soft tissue thickening and subcutaneous air. Mrs. Medrano complained of dizziness, weakness, left knee pain and left-hand pain. After the initial evaluation, James Roberson M.D ordered an x-ray of the left knee, Tylenol 650 mg and Ibuprofen 400 mg, Cefazolin ivpb 50mg, Oxycodone 5mg and tetanus-diphth toxoids injection. Mrs. Medrano was transferred to an orthopedic for further evaluation. and he ordered a CT of her knee. Mrs. Medrano got a reconstructive surgical intervention on her left knee and was hospitalized for 2 days at the hospital due to the severe injury. (See **Exhibit 3**, Emory University Hospital).

On February 29, 2020, Mrs. Anielka Medrano went to Regional Medical Group and sought the care of James Rogan, M.D. Mrs. Medrano complained of left knee pain, having difficulty walking, neck pain, and upper back pain. Mrs. Medrano reported having some numbness, tingling and decreased sensation in her legs and feet, anxiety difficulty sleeping because of the pain and discomfort, having issues complaining much of her occupational and domestic household duties, hobbies, and sporting activities. Dr. Rogan recommended continue Keflex as directed by Emory Hospital, continue the Ecotrin and Tylenol for pain. Dr. Rogan referred Mrs. Medrano for physical therapy for her neck and upper back and to obtain an MRI of her cervical spine. (See **Exhibit 4**, Regional Medical Group).

On March 14, 2020, Mrs. Anielka Medrano went to Onyx Imaging to obtain an MRI of her cervical spine. The final report demonstrated a posterior bulge of the intervertebral disc effacing the ventral aspect of the thecal sac at C3-C4. The C5-C6 posterior bulge of the intervertebral disc partially effacing the ventral aspect of the thecal sac with right neural foraminal stenosis. (See **Exhibit 5**, Onyx Imaging)

On March 17, 2020, Mrs. Anielka Medrano went to BenchMark Partners Rehab for physical therapy evaluations and exercises. After the initial evaluation, Dr. Ketreena Footman

PT. DPT. recommended Mrs. Medrano to continue with her current medications, start with physical therapy including joint, and soft tissue mobilization, manual therapy, neuromuscular re-education, therapeutic activities, and exercises on her lumbar spine. Mrs. Medrano received 21 physical therapies evaluations. (See **Exhibit 6**, BenchMark Partners Rehab).

On March 21, 2020, Mrs. Anielka Medrano returned to Regional Medical Group for her follow up appointment with Dr. James Rogan. Mrs. Medrano continue complaining of left knee pain, having difficulty walking, neck pain and upper back pain. Dr. Rogan discussed the MRI report and recommended continue with physical therapy and referred her to Pain Management for possible epidurals in her cervical spine. (See **Exhibit 4**, Regional Medical Group).

On April 11, 2020, Mrs. Anielka Medrano returned to Regional Medical Group and sought the care of Pallavi Cherukupally, M.D. Mrs. Anielka Medrano complained of left knee pain, neck pain, and back pain. After the initial evaluation, Dr. Cherukupally ordered and proceed with a cervical interlaminar epidural injection. Dr. Cherukupally also referred Mrs. Medrano to obtain and MRI of the lumbar spine. (See **Exhibit 4**, Regional Medical Group).

On May 2, 2020, Mrs. Anielka Medrano went to Onyx Imaging to obtain an MRI of her lumbar spine. The MRI report demonstrated posterior protrusion of the intervertebral disc with bilateral neural foraminal stenosis, right greater than left and the protrusion of the disc extends for 0.7 cm at L5-S1. The L4-L5 demonstrated a posterior bulge of the intervertebral disc with left neural foraminal stenosis, the right neural foramen is patent. (See **Exhibit 5**, Onyx Imaging).

Mrs. Anielka Medrano returned to Regional Medical Group for her follow up with Pallavi Cherukupally, M.D. On May 23, June 20, and July 3. Dr. Cherukupally ordered interlaminar epidural injection at L5-S1. Dr. Cherukupally also referred Mrs. Anielka Medrano with Dr. James for surgical consultation. On July 27, 2020, Mrs. Medrano sought the care of Stephen B. James, DO. Mrs. Medrano complained on neck pain and back pain. After the initial evaluation, Dr. James recommended complete the epidural steroid injection of the cervical and lumbar spine and progress to medial branch blocks and radiofrequency ablation of cervical and lumbar spine. (See **Exhibit 4**, Regional Medical Group).

**Special Damages:**

An itemized list of her medical treatment provider dates of treatment, and itemized medical specials are attached. (See **Exhibit 7**, Medical Expenses). As a result of her injuries, Mrs. Anielka Medrano has incurred past medical expenses and special damages as follows:

| | |
|---|---|
| Emory University Hospital | $20,075.36 |
| Regional Medical Group | $14,754.00 |
| Atlanta Surgical Logistics | $66,401.98 |
| Onyx Imaging | $4,202.00 |
| BenchMark PT | $8,842.75 |
| **TOTAL SPECIAL DAMAGES** | **$114,276.09** |

**SETTLEMENT DEMAND:**  **$350,000.00**

On the basis of medical damages incurred by our client, as well as the extreme pain and suffering which our client has been forced to endure, all of which were caused by the clear negligence of your insured we are willing to recommend that our client compromise her claim for the sum of **THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00)**. A reasonable jury, in our opinion, would have little difficulty in awarding the amount requested, if not a far greater award. The amount cited in this settlement demand assumes that a copy of your insureds applicable declaration page has been produced to our office and that there is no applicable excess, umbrella insurance coverage.

This settlement demand is being made pursuant to Southern General Insurance Co. v. Holt, 262 Ga. 267 (1992) and O.C.G.A. § 33-6-34; O.C.G.A. § 51-12-14; and O.C.G.A. § 9-11-67.1. Accordingly, I respectfully request that you immediately notify your insured that it may presently be possible to resolve the claims of our client within the insured's policy limits of insurance coverage without resort to commercial assets. Your office has a duty to exercise good faith and sound judgment in responding to settlement opportunities.

I am requesting that you review this demand for settlement and make a written offer on behalf of my client, to my office, within thirty (30) days from your receipt of this package. This demand is made both in time and amount, in the expectation that you will review this documentation, and respond in good faith. Under applicable law it is an Unfair Settlement Practice to not attempt in good faith to effectuate prompt, fair and equitable settlement of claims submitted in which liability has become reasonably clear under O.C.G.A. § 33-6-34(4). This correspondence is written in the spirit of compromise and settlement. All the enclosed materials shall remain the property of our client and shall be returned upon request.

Should we fail to receive a written response to our demand within thirty (30) days of your receipt, this offer to settle shall be withdrawn, and I will recommend that my client pursue her claim against Berkshire Hathaway Automotive, Inc in the applicable Court of Law. It is my sincere hope that we can amicably and swiftly resolve this claim to both my client's and your insured's satisfaction.

Please direct all responses to this demand letter to my attention and in writing. I look forward to hearing from you soon.

Sincerely,

THE COTTO LAW GROUP

Isaac F. Cotto Attorney
For Mrs. Anielka Medrano

*Enclosures*